**BRYAN CAVE LLP**
Robert A. Padway, California Bar No. 48439
Andrea M. Hicks, California Bar No. 219836
Joseph V. Quattrocchi, California Bar No. 257568
Two Embarcadero Center, Suite 1410
San Francisco, CA 94111-3907
Telephone:    (415) 675-3400
Facsimile:    (415) 675-3434
E-Mail:       robert.padway@bryancave.com
              andrea.hicks@bryancave.com
              quattrocchij@bryancave.com

BANK OF AMERICA CORPORATION and BANK OF AMERICA, N.A. as successor by merger to BAC HOME LOANS SERVICING, L.P.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHDI RAVAN and ALI RAVAN,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MORTGAGE EXPRESS CORP; BANK OF AMERICA HOME LOANS SERVICING, L.P.; BANK OF AMERICA CORPORATION; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 3:11-CV-02371 EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT** ; ORDER RESETTING CMC<br><br>Hon. Judge Edward M. Chen<br><br>Date:       August 30, 2011<br>Time:       2:30 p.m.<br>Courtroom:  5, 17th Floor<br><br>Complaint Filed: April 7, 2011<br>Trial Date:   Not Assigned |

Plaintiffs Mehdi and Ali Ravan ("Plaintiffs") and Defendants Bank of America Corporation and Bank of America, N.A. as successor by merger to BAC Home Loans Servicing, LP ("Defendants") (collectively "Parties") submit the following Joint Case Management Conference Statement. As pleadings are not yet closed in this matter and Plaintiffs are under review for a loan modification, the Parties respectfully agree and request that the Case Management Conference be continued to October 5, 2011, after the pleadings are set, or at a later date convenient for the Court.

1. **Jurisdiction and Service**

Plaintiffs filed their initial Complaint on March 30, 2011 in California Superior Court for the County of Alameda. Defendants removed the case to the United States District Court, Northern District of California on May 13, 2011. Jurisdiction is proper as the Plaintiffs and removing Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Venue is proper because a substantial portion of the events alleged in Plaintiffs' Complaint occurred in this District. Defendants have been properly served. Plaintiffs do not intend to add any new parties at this time.

2. **Facts**

This dispute concerns a residential loan which Plaintiff obtained to refinance an original purchase money mortgage against real property located at 612 Fortress Isle, Alameda, CA 94501 ("Subject Property"). In February 2006, Plaintiffs obtained a refinance loan in the amount of $975,000 from American Mortgage Express Corporation ("AME") which was secured by a Promissory Note and a Deed of Trust recorded in the Alameda County Recorders' Office and secured by the Subject Property. Following the transaction's close, AME sold Plaintiffs' loan to Defendants. In 2009, Plaintiffs defaulted on their loan and as a result, entered into loan modification discussions with Defendants.

Plaintiffs' Complaint alleges that AME engaged in fraudulent conduct at origination, made independent misrepresentations to Plaintiff not regarding the specific loan terms, and qualified Plaintiffs for a loan they could not afford based on incorrect financial information while concealing the loan's relevant terms. Plaintiffs further allege that Defendants vicariously assumed

1

liability for AME's conduct as successors in interest to the underlying Note. Defendants deny these allegations for the reasons to be set forth in Defendants' Motion to Dismiss Plaintiffs' Complaint.

### 3. Legal Issues

Plaintiffs have asserted five causes of action against Defendants: (1) Fraud; (2) Concealment; (3) Wrongful Foreclosure pursuant to California Civil Code §§ 2923 et seq. and 2924 et seq.; (4) Violation of Business and Professions Code § 17200, and (5) Negligent Misrepresentation. Defendants' investigation into Plaintiffs' claims is ongoing as of the date of this filing.

### 4. Motions

Upon stipulation, the Parties have extended Defendants' time to respond to Plaintiffs' Complaint to September 16, 2011 while Plaintiffs' application for loan modification is pending.

Defendants anticipate filing a Motion to Dismiss Plaintiffs' Complaint. If necessary, Defendants anticipate filing a summary judgment motion following the close of discovery.

### 5. Amendment of Pleadings

On April 7, 2011, Plaintiffs filed a Doe Amendment adding BAC Home Loans Servicing, LP and a Request for Dismissal as to party American Mortgage Express Corporation and another Request for Dismissal as to Bank of America Home Loans Servicing, LP.

No other amended pleadings have been filed in this matter.

### 6. Evidence Preservation

The Parties agree to maintain all evidence relating to the claims.

### 7. Disclosures

Given that the pleadings are not closed, the Parties have agreed to delay the production of initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) until two weeks after the pleadings are closed.

### 8. Discovery

CASE MANAGEMENT STATEMENT

There has been no discovery to date. The Parties intend to commence discovery after the pleadings have been finalized. This matter should not entail a great deal of discovery and the Parties do not propose any limitations or modifications of the discovery rules.

### 9. Class Actions

This case is not a class action lawsuit.

### 10. Related Cases

There are no related cases.

### 11. Relief

Plaintiffs seek to enjoin Defendants from Issuing a Notice of Trustee's Sale, Setting a Trustee Sale Date and Selling the Real Property at a Trustee's Sale. Moreover, Plaintiffs seek compensatory, consequential and expectancy damages as well as costs and attorney's fees.

### 12. Settlement and ADR

As Defendants are currently assessing Plaintiffs for a loan modification, it is premature to engage in Court-ordered settlement negotiations or any other form of ADR. Once the pleadings are closed, the parties are amenable to the Court's mediation process.

### 13. Consent to Magistrate Judge for All Purposes

The Parties consent to the assignment of a magistrate judge for all purposes.

### 14. Other References

None.

### 15. Narrowing of Issues

There is no need to narrow the issues at this time.

### 16. Expedited Schedule

The Parties do not seek an expedited schedule.

### 17. Scheduling

The Parties believe that a pretrial schedule is unnecessary at this point, as pleadings have yet to be finalized. Should a schedule become necessary, based on the Court's typical pretrial scheduling procedures, the Parties tentatively suggest:

Initial Expert Disclosure Cutoff Date:   January 2012 (150 days before

|   |   |   |
|---|---|---|
| | | discovery cutoff) |
| | Rebuttal Expert Disclosure Cutoff Date: | February 2012 (120 days before discovery cutoff) |
| | Discovery Cutoff Date: | June 2012 (90 days before final pretrial conference) |
| | Law and Motion Cutoff Date: | August 2012 (60 days before final pretrial conference) |
| | Final Pretrial Conference: | September 2012 (90 days before trial) |
| | Trial | January 2013 |

### 18. Trial

If a trial is necessary, the Parties anticipate that a trial will run approximately 3-5 days.

### 19. Disclosure of Non-party Interested Entities or Persons

Defendants disclose that the following entities have a direct, pecuniary interest in the outcome of the proceeding:

- Plaintiffs Mehdi and Ali Ravan are parties to this action.
- Defendant Bank of America, N.A. is a successor party to this action by merger with BAC Home Loans Servicing, LP.
- Defendant Bank of America, N.A., is a wholly-owned subsidiary of Bank of America Corporation.
- Bank of America Corporation is publicly traded on the NYSE (BAC).

///
///
///
///
///
///
///
///

1  ///

2  ///

3  ///

4  **20. Other Matters As May Facilitate the Disposition of This Matter**

To date, the Parties have not identified other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: August 23 2011

**MATRIX LAW FIRM, APC**
Reuben D. Nathan
By:  /s/ *Reuben D. Nathan*
          Reuben D. Nathan
Attorney for Plaintiffs
Mehdi and Ali Ravan


Dated: August 23, 2011

**BRYAN CAVE LLP**
Andrea M. Hicks
Joseph V. Quattrocchi
By:  /s/ *Joseph V. Quattrocchi*
          Joseph V. Quattrocchi
Attorneys for Defendants
BANK OF AMERICA CORPORATION and
BANK OF AMERICA, N.A.
as successor by merger to
BAC HOME LOANS SERVICING, LP


IT IS SO ORDERED that the CMC is reset from 8/30/11 at 2:30 p.m. to 10/7/11 at 9:00 a.m. A Joint CMC Statement shall be filed by 9/30/11.

_____
Edward M. Chen
U.S. District Judge

[STAMP: IT IS SO ORDERED AS MODIFIED — Judge Edward M. Chen — United States District Court, Northern District of California]

Bryan Cave LLP
2 Embarcadero Center, Suite 1410
San Francisco, California 94111

5